Filed: 7/21/2015 4:34:34 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Steven Janway Deputy
Envelope ID: 6164458

CAUSE NO. 380-02885-2015

| | | |
|---|---|---|
| ETHAN BROOKS HARTER | § | IN THE DISTRICT COURT |
| v. | § | COLLIN COUNTY, TEXAS |
| REALPAGE, Inc. | § | _____ DISTRICT COURT |

## PLAINTIF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE RELIEF & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ETHAN BROOKS HARTER, Plaintiff, and complaining of causes of action allege as follows:

### I

### RULE 47 STATEMENT

This suit seeks monetary damages of between $200,000 and $500,000

### II

### DISCOVERY LEVEL

Plaintiff intends to conduct discovery pursuant to Level 2, T.R.Civ.Pro. rule 190.

### III

### PARTIES

Plaintiff is ETHAN BROOKS HARTER, resident of COLLIN COUNTY, TEXAS.

Defendant is REALPAGE, INC., is a corporation licensed to do business and doing business in the State of Texas.

Defendant may be served by serving its registered agent for service of process:

    UNITED CORPORATE SERVICES, INC.,

    815 BRAZOS ST., SUITE 500, AUSTIN, TEXAS, 78701.

### IV

### VENUE

. Venue is mandatory in Collin County under Texas Civil Practice & Remedies Code section 15.017 because this suit involves libel and this is the county of defendant's corporate domicile.

V

Count 1

Defamation

1. On July 11 and July 12, 2015, in DENVER, COLORADO, defendant REALPAGE, INC. wrongfully reported to two apartment complexes, Legend Oaks Apartments and Helios Apartments respectively, that plaintiff had an outstanding criminal record. Said libel denied plaintiff of housing opportunities at each location.

2. Plaintiff applied to Legend Oaks Apartments on Saturday, July 11, 2015, and paid $170 in application fees. Defendant's incorrect claims of plaintiff's criminal record return a rejection in the application. On Sunday, July 12, 2015 plaintiff applied to a second residence – Helios Apartments, and paid an application fee of $250 only to have his application rejected on account of a positive criminal background check.

3. Defendant published a statement by written communication asserting as fact that plaintiff was convicted on misdemeanor or felony charges.

4. The statement involved a public matter because the aforementioned wrongful allegations denied acceptance into Legend Oaks Apartments and Helios Apartments.

5. The statement referred to plaintiff by name, using a Social Security number, driver's license number, and date of birth to verify his criminal record.

6. The statement was defamatory because it, by implication, indicated that plaintiff is a criminal. These allegations blackened the reputation of plaintiff, and – as a result – instigated stress-related illness which rendered plaintiff unable to participate in necessary apartment searching.

7. The statement was false because plaintiff has never been convicted of a misdemeanor or felony.

8. Defendant is strictly liable to plaintiff for the defamation. Defendant is liable because it labelled plaintiff a criminal to several establishments due to a traffic ticket in BADIN, NORTH CAROLINA.

9. Defendant's false statement caused injury to plaintiff, which resulted in the following damages: $420.00 of lost application fees, stress-related illness which rendered plaintiff unable to search of a domicile while under time constraints, and six hours of lost time contacting defendant over the telephone.

10. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

11. Plaintiff's injury resulted from defendant's malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### Count 2 – Libel Per Se

12. Defendant's statement described in Count 1 was libel per se as defined by Texas Civil Practice and Remedies Code section 73.001. Defendant's statement

    a. injured plaintiff's reputation and exposed plaintiff to public hatred, contempt, ridicule, or financial injury,

    b. impeached plaintiff's honesty, integrity virtue, or reputation.

    c. described plaintiff's natural defects and exposed plaintiff to public hatred, ridicule, or financial injury.

13. The defamatory statement requires no proof of its injurious character because it was obviously hurtful to the plaintiff.

### Count 3-- Defamation Per Se

14. Defendant's written statement described in Count 1 was defamatory per se under the common law. Defendant's statement

    a. falsely charged plaintiff with a crime

    b. imputed a loathsome disease to plaintiff

15. The defamatory statement requires no proof of its injurious character because it was obviously hurtful to plaintiff.

### Request for Disclosure

21. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Prayer

22. For these reasons, plaintiff asks that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgement against defendant for the following:

    a. Actual damages.

    b. Exemplary damages.

    c. Prejudgment and postjudgment interest.

    e. Court costs.

    f. All other relief to which the plaintiff is entitled.

Respectfully submitted,

LAW OFFICES OF KENNETH S. HARTER

/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300
1620 E. Beltline Rd.
Carrollton, Tx. 75006
(972) 242-8887
FAX (972) 446-7976
kenharter@tx.rr.com