Filed: 8/28/2015 3:43:15 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Natasha Pacheco Deputy
Envelope ID: 6706983

CAUSE NO. 380-02885-2015

| | | |
|---|---|---|
| ETHAN BROOKS HARTER, | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 380TH JUDICIAL DISTRICT |
| REALPAGE, INC., | § § | |
| Defendants. | § § § | COLLIN COUNTY, TEXAS |

DEFENDANT'S ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES

For its answer to Plaintiff's Original Petition, Request for Equitable Relief and Request for Disclosure ("Petition"), Defendant RealPage, Inc. ("RealPage") states as follows:

I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant RealPage denies generally each and every allegation contained in Plaintiff Ethan Brooks Harter's ("Plaintiff") Petition, and any amendments and supplements thereto, and demands strict proof thereof by a preponderance of the evidence.

II. ADDITIONAL DEFENSES

Without admitting to the truth of any of the allegations in the Petition that have been previously denied, and without admitting or acknowledging that RealPage bears any burden of proof as to the allegations in the Petition, RealPage asserts the additional defenses provided below. In addition, RealPage intends to rely upon any defenses that become available or

apparent during pretrial proceedings and discovery in this action, and RealPage reserves the right to amend this Answer in order to assert all such further defenses, including but not limited to those listed in Rule 94 of the Texas Rules of Civil Procedure.

### FIRST ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that the Petition fails to set forth facts sufficient to state a claim upon which relief can be granted against RealPage and fails to give fair notice of the claims involved.

### SECOND ADDITIONAL DEFENSE

If any damages are awarded against RealPage, then the Petition is subject to a set off in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### THIRD ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff were not caused by RealPage, but by intervening causes.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of acts, errors, and omissions of third parties not controlled by RealPage, and those third parties were the sole cause of any such damages.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain, and therefore, are not compensable.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury, damages, or cognizable harm, whether actual, presumed, or otherwise.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions. Such acts, errors, and omissions were either the sole cause of any alleged injury or damages, or, in the alternative, were the result of Plaintiff's comparable negligence, comparative causation, or comparative responsibility. Accordingly, RealPage asks the Court to reduce any judgment against RealPage by the degree of negligence or causation attributed to Plaintiff or any other persons.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect himself from damage, if any, and failed to mitigate any such alleged damages.

## NINTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent the Petition and each of its purported causes of action are barred by the doctrines of waiver, discharge in bankruptcy, accord and satisfaction, arbitration and award, contributory negligence, assumption of risk, duress, failure of consideration, fraud, injury by fellow servant, license, payment, illegality, laches, estoppel, res judicata, and/or release.

## TENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that the Petition and each of its purported causes of action are barred by any applicable statute of frauds or statute of limitations.

## ELEVENTH ADDITIONAL DEFENSE

RealPage acted reasonably and in good faith at all materials times based on all relevant facts and circumstances known by it at the time it so acted.  The statements that form the basis of Plaintiff's Petition were contained in two RealPage LeasingDesk reports, one submitted to Legend Oaks Apartments on July 11, 2015 and one submitted to Helios Apartments on July 12, 2015.  RealPage prepared these reports as a result of its contractual agreements with the companies managing the above properties, which had a present interest in the report, and Plaintiff authorized the reports' disclosure through his application to the apartments.  The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff, correctly reported a conviction in Montgomery County, North Carolina, Case No. 700487, and stated that the offense was "NOT PROVIDED."  RealPage had no knowledge of any errors in the reports.  After RealPage was notified of a dispute, RealPage responded almost immediately and began its investigation over the weekend.  RealPage concluded that the record concerned a traffic offense.  On July 13, the same day that Plaintiff himself submitted a dispute to RealPage and no more than two days after Plaintiff's original application, RealPage concluded that a traffic offense was not a record type which the properties wanted reported and emailed both properties indicating that RealPage had "determined that the record should be removed from the consumer's file."  RealPage's conduct was reasonable and its actions were made in good faith.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are subject to Colorado law, not Texas law as alleged in Plaintiff's Petition.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's prayer for exemplary damages is unconstitutional. An award of exemplary damages would violate RealPage's rights under: (1) the Fifth and Fourteenth Amendments to the United States Constitution; (2) the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution; and (3) Texas Const. art. I, § 19. Exemplary damages are penal in nature, and RealPage is being subjected to a claim for criminal penalties without the constitutional safeguards against double jeopardy, vagueness, lack of specific guidelines and standards, self-incrimination, proof beyond a reasonable doubt, equal protection, substantive due process, and procedural due process.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred because the publication about which Plaintiff complains is privileged, including, but not limited to, absolute, qualified, and conditional privilege. Plaintiff cannot establish actual malice. The statements that form the basis of Plaintiff's Petition were contained in two RealPage LeasingDesk reports, one submitted to Legend Oaks Apartments on July 11, 2015 and one submitted to Helios Apartments on July 12, 2015. RealPage prepared these reports as a result of its contractual agreements with the companies managing the above properties, which had a present interest in the report, and Plaintiff authorized the reports' disclosure through his application to the apartments. The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff, correctly reported a conviction in Montgomery County, North Carolina, Case No. 700487, and stated that

the offense was "NOT PROVIDED." RealPage had no knowledge of any errors in the reports. After RealPage was notified of a dispute, RealPage responded almost immediately and began its investigation over the weekend. RealPage concluded that the record concerned a traffic offense. On July 13, the same day that Plaintiff himself submitted a dispute to RealPage and no more than two days after Plaintiff's original application, RealPage concluded that a traffic offense was not a record type which the properties wanted reported and emailed both properties indicating that RealPage had "determined that the record should be removed from the consumer's file." The statements in these reports are subject to an absolute, qualified, or conditional privilege.

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the qualified privilege precluding libel actions concerning a publication to a person or entity that has a business-related right, duty, or interest in the Plaintiff. Plaintiff cannot establish actual malice. The statements that form the basis of Plaintiff's Petition were contained in two RealPage LeasingDesk reports, one submitted to Legend Oaks Apartments on July 11, 2015 and one submitted to Helios Apartments on July 12, 2015. RealPage prepared these reports as a result of its contractual agreements with the companies managing the above properties, which had a present interest in the report, and Plaintiff authorized the reports' disclosure through his application to the apartments. The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff, correctly reported a conviction in Montgomery County, North Carolina, Case No. 700487, and stated that the offense was "NOT PROVIDED." RealPage had no knowledge of any errors in the reports. After RealPage was notified of a dispute, RealPage responded almost immediately and began its investigation over the weekend. RealPage concluded that the record concerned a traffic offense. On July 13, the same day that Plaintiff himself submitted a dispute

to RealPage and no more than two days after Plaintiff's original application, RealPage concluded that a traffic offense was not a record type which the properties wanted reported and emailed both properties indicating that RealPage had "determined that the record should be removed from the consumer's file." The statements in these reports are subject to a qualified privilege precluding libel actions concerning publications to a person or entity that has a business-related right, duty, or interest in the Plaintiff.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because RealPage did not make any false statements or defamatory statements about Plaintiff, and the publication about which Plaintiff complains was true or substantially true. The statements that form the basis of Plaintiff's Petition were contained in two RealPage LeasingDesk reports, one submitted to Legend Oaks Apartments on July 11, 2015 and one submitted to Helios Apartments on July 12, 2015. RealPage prepared these reports as a result of its contractual agreements with the companies managing the above properties, which had a present interest in the report, and Plaintiff authorized the reports' disclosure through his application to the apartments. The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff, correctly reported a conviction in Montgomery County, North Carolina, Case No. 700487, and stated that the offense was "NOT PROVIDED." RealPage had no knowledge of any errors in the reports. After RealPage was notified of a dispute, RealPage responded almost immediately and began its investigation over the weekend. RealPage concluded that the record concerned a traffic offense. On July 13, the same day that Plaintiff himself submitted a dispute to RealPage and no more than two days after Plaintiff's original application, RealPage concluded that a traffic offense was not a record type which the properties wanted reported and emailed both properties indicating that

RealPage had "determined that the record should be removed from the consumer's file." The publication that forms the basis of Plaintiff's Petition was true or substantially true because the public record was properly attributable to Plaintiff and because nothing in the report indicated that the public record was <u>not</u> a traffic violation.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred because the publication about which Plaintiff complains relates to matters of general and legitimate public interest and concern. The statements that form the basis of Plaintiff's Petition were contained in two RealPage LeasingDesk reports, one submitted to Legend Oaks Apartments on July 11, 2015 and one submitted to Helios Apartments on July 12, 2015. The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff, correctly reported a conviction in Montgomery County, North Carolina, Case No. 700487, and stated that the offense was "NOT PROVIDED." This public record relates to matters of general and legitimate public interest and concern.

### EIGHTEENTH ADDITIONAL DEFENSE

RealPage provided an adequate correction in accordance with the Defamation Mitigation Act (Texas Civil Practice and Remedies Code §§ 73.051-73.062), and this correction serves as a mitigating factor under Texas Civil Practice and Remedies Code § 73.003. The statements that form the basis of Plaintiff's Petition were contained in two RealPage LeasingDesk reports, one submitted to Legend Oaks Apartments on July 11, 2015 and one submitted to Helios Apartments on July 12, 2015. RealPage prepared these reports as a result of its contractual agreements with the companies managing the above properties, which had a present interest in the report, and Plaintiff authorized the reports' disclosure through his

application to the apartments. The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff, correctly reported a conviction in Montgomery County, North Carolina, Case No. 700487, and stated that the offense was "NOT PROVIDED." RealPage had no knowledge of any errors in the reports. After RealPage was notified of a dispute, RealPage responded almost immediately and began its investigation over the weekend. RealPage concluded that the record concerned a traffic offense. On July 13, the same day that Plaintiff himself submitted a dispute to RealPage and no more than two days after Plaintiff's original application, RealPage concluded that a traffic offense was not a record type which the properties wanted reported and emailed both properties indicating that RealPage had "determined that the record should be removed from the consumer's file." This correction qualifies as a mitigating factor under Texas Civil Practice and Remedies Code § 73.003.

**NINETEENTH ADDITIONAL DEFENSE**

RealPage reserves the right to assert additional defenses as they become known.

III.   PRAYER FOR RELIEF

WHEREFORE, RealPage prays for judgment as follows:

(a) The Plaintiff take nothing by reason of his Petition in this matter:

(b) That judgment be rendered in favor of RealPage and that the Petition be dismissed with prejudice;

(c) That RealPage be awarded its costs of suit in this matter, including reasonable attorney's fees if available; and

(d) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Lori B. Finkelston
Lori B. Finkelston
Texas State Bar No. 07016350
RealPage, Inc.
4000 International Parkway
Carrollton, Texas 75007-1913
Telephone: (972) 820-3782
Telecopier: (972) 820-3932
Email: lori.finkelston@realpage.com

Ronald I. Raether, Jr. (*pro hac vice forthcoming*)
Martin A. Foos (*pro hac vice forthcoming*)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402
Telephone:  (937) 227-3733
Telecopier:  (937) 227-3717
Email: rraether@ficlaw.com
          mfoos@ficlaw.com

Attorneys for Defendant RealPage, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Original Answer to Plaintiff's Original Petition, Request for Equitable Relief and Request for Disclosure has been served via electronic mail and U.S. mail upon the following counsel of record, this 28th day of August, 2015:

Kenneth S. Harter (09155300)
1620 E. Beltline Road
Carrollton, TX 75006
ken@kenharter.com

/s/ Lori B. Finkelston
Lori B. Finkelston

984554.2