IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ETHAN BROOKS HARTER, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:16-cv-00100 |
| v. | § | |
| | § | |
| REALPAGE, INC. | § | |
| *Defendant.* | § | |

**DEFENDANT REALPAGE INC.'S**
**MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

REALPAGE, INC., ("RealPage") Defendant in the above-entitled and numbered cause, files this Traditional Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and would show unto the Court as follows:

**I.**

**STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1. RealPage is entitled to summary judgment on all of Plaintiff's claims because it did not make any false statements about Plaintiff, as the reports about which Plaintiff complains are true.

2. RealPage is entitled to summary judgment on Plaintiff's state common law claims because the reports about which Plaintiff complains are protected by qualified privilege, and were made in good faith and without actual malice.

3. RealPage is entitled to summary judgment on Plaintiff's state common law claims because the reports about which Plaintiff complains are protected by absolute privilege, as Plaintiff consented to the publication.[1]

---

[1] Plaintiff also claims that RealPage "imputed a loathsome disease to Plaintiff," but Plaintiff does not identify any statement from RealPage making any such statement.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

    4.    RealPage is entitled to summary judgment on Plaintiff's Fair Credit Reporting Act claim because RealPage accurately reported Plaintiff's record and Plaintiff suffered no cognizable damages.

## II.

## SUMMARY JUDGMENT EVIDENCE

RealPage relies on the following summary judgment evidence to support this motion:

Exhibit A    Declaration of Debra Stockton

    Exhibit A-1    RealPage LeasingDesk report to Legend Oak Apartments

    Exhibit A-2    RealPage LeasingDesk report to Helios Apartments

    Exhibit A-3    Contract between RealPage and Fairfield Properties (Legend Oaks Apartments)

    Exhibit A-4    Contract between RealPage and Greystar Management Company (Helios Apartments)

    Exhibit A-5    Report dated July 13, 2015 from Backgroundchecks.com

    Exhibit A-6    Email dated July 13, 2015 from RealPage to Legend Oaks Apartments

    Exhibit A-7    Email dated July 13, 2015 from RealPage to Helios Apartments

    Exhibit A-8    Jurisdiction and Criminal Disclosure (Legend Oaks).

    Exhibit A-9    Jurisdiction and Criminal Disclosure (Helios apartments).

Exhibit B    True copy of Plaintiff's criminal record from Montgomery County, North Carolina, Case No. 700487

Exhibit C    Affidavit of Jacqueline Lyon

    Exhibit C-1    Plaintiff's rental Application to Legend Oaks Apartments, dated July 11, 2015

Exhibit D    Affidavit of Stefanie Markham

    Exhibit D-1    Plaintiff's rental Application to Helios Apartments, dated July 14, 2015

      Exhibit D-2    Screenshots from online leasing portal

      Exhibit D-3    Screen shot from online leasing portal

Exhibit E      Notice of Dispute from Ethan Harter

### III.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

This lawsuit arises out of two RealPage LeasingDesk reports, which were generated in connection with Plaintiff Ethan Brooks Harter's rental applications to the Legend Oaks Apartments on July 11, 2015 and the Helios Apartments on July 12, 2015.[2] The reports were generated using RealPage software pursuant to licensing agreements between RealPage and the companies managing these two properties.[3] Each property had a present interest in the reports generated in response to Plaintiff's rental applications, and Plaintiff consented to the reports' disclosure through his applications to the apartments.[4] Plaintiff consented to a criminal background screening prior to submitting these rental applications.[5]

The public record disputed by Plaintiff in these reports is properly attributable to Plaintiff,[6] truthfully and correctly reports a conviction in Montgomery County, North Carolina, Case No. 700487, and states that the offense was "NOT PROVIDED."[7] Plaintiff notified RealPage of a dispute on July 13, 2015.[8] The same day that Plaintiff submitted the dispute to RealPage, and no more than two days after Plaintiff's original applications to the apartments, RealPage concluded that the record at issue was a traffic offense, and although accurate and truthful, it was not a record

---

[2] Exhibits A-1 & A-2
[3] Exhibits A-3 & A-4
[4] Exhibits C & D
[5] Exhibit C-1, Exhibit D-1
[6] Exhibit B
[7] Exhibits A, A-1, A-2 & A-5
[8] Dispute Letter, Exhibit E

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**
(565.0581P.Fed. Ct. MSJ)                                                                             Page 3
28279648

type which the properties wanted reported.[9] On July 13, 2015, RealPage emailed both properties indicating that RealPage had "determined that the record should be removed from the consumer's file."[10]

Plaintiff was able to lease an apartment with Helios Apartments in July 2015.[11]

## IV.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir. 1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.,* 477 U.S. at 322-23; *Anderson,* 477 U.S. at 257.

---

[9] Exhibits A & A-5
[10] Exhibits A-6 & A-7
[11] Exhibit D, & D-3

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**
(565.0581P.Fed. Ct. MSJ)                                                                                              Page 4
28279648

>       A.     **RealPage Is Entitled To Summary Judgment As A Matter Of Law On
>              All Of Plaintiff's Common Law Claims Because The Statement At
>              Issue Is True**

To prove an action for defamation, the published statement must be false. Tex.Civ.Prac. & Rem. Code § 73.005(a) ("The truth of the statement in the publication on which an action for libel is based is a defense to the action."). *See also*, *Musser v. Smith Prot. Servs.*, 723 S.W.2d 653, 655 (Tex. 1987) (in order for the statement to be actionable, it must be false). "Truth is a defense to all defamation actions." *Neely v. Wilson*, 418 S.W.3d 52, 56 (Tex. 2013). Statements that are not verifiable as false cannot form the basis of a defamation claim. *Neely*, 418 S.W.3d at 56.

The public record disputed by Plaintiff in these reports was properly attributable to Plaintiff. The public record set forth on the screening reports truthfully and correctly reported a "conviction" in Montgomery County, North Carolina, Case No. 700487.[12] The background screening reports correctly stated that the specific offense was "NOT PROVIDED."[13] After being notified of Plaintiff's dispute, RealPage conducted an investigation and concluded that the reported conviction concerned a traffic offense.[14] However, it remains true that Plaintiff was "convicted" of a traffic offense in North Carolina.[15]

RealPage's summary judgment evidence conclusively establishes that the statement made by RealPage through the two RealPage LeasingDesk reports is true. Because truth is an absolute defense to a claim of defamation, RealPage is entitled to summary judgment as a matter of law on all of Plaintiff's claims.

---

[12] Exhibit B
[13] Exhibits A, A-1 & A-2
[14] Exhibits A & A-5
[15] Exhibit B

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

**B.    RealPage Is Entitled To Summary Judgment As A Matter Of Law On All Of Plaintiff's Common Law Claims Because The Statement At Issue Is Protected By A Qualified Privilege And Plaintiff Cannot Prove The Requisite Actual Malice**

Qualified privileges against defamation exist at common law when a statement is made in good faith and the author, recipient, a third person, or one of their family members, has an interest that is sufficiently affected by the statement. *Neely*, 418 S.W.3d at 62. A statement is protected by qualified privilege if it is (1) made without malice; (2) concerning a subject matter that is of sufficient interest to the author, or be in reference to a duty the author owes; and (3) is communicated to another party having a corresponding interest or duty. *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 99 (Tex. App.-San Antonio 2003, pet. denied); *Randall's Food Mkts. Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). A qualified privilege also exists when the subject is the "fair report of the proceedings of courts and legislative bodies". *Cobb v. Garlington*, 193 S.W. 463, 464, (Tex. Civ. App. 1917, no writ). Texas has adhered to the privilege, and applied it to libel cases for over a century. *See Missouri Pac. Ry. Co. v. Richmond*, 11 S. W. 555,557 (1889); *TRT Dev. Co-KC v. Myers*, 15 S.W.3d 281, 286 (Tex. App. – Corpus Christi 2000, no pet.).

The question of whether a qualified privilege exists is a question of law to be decided by the trial court. *Mayfield v. Gleichert*, 484 S.W.2d 619, 626 (Tex.App. –Tyler 1972, no writ). In making a determination whether a statement is subject to a qualified privilege, the court must examine the "occasion" of the communication, i.e., the totality of the circumstances including the communication itself, its communicator, its recipient and the relief sought. *Clark v. Jenkins*, 248 S.W.3d 418, 432 (Tex.App. –Amarillo 2008, cert. denied).

      **1.    RealPage's statement is protected by qualified privilege because it was made pursuant to a contractual duty to another having a corresponding interest**

The reports at issue meet the criteria for qualified privilege because RealPage, in good faith, in the performance of a duty, made a communication to another to whom it owed a duty. The reports were generated as a result of RealPage's contractual obligations, agreements and duties with the companies managing the properties to which Plaintiff had submitted applications.[16] These properties each had a present interest in the report,[17] and so the qualified privilege applies.

The contract with Fairfield Properties (Legend Oaks Apartments) states: RealPage agrees to assist the apartments "in evaluating applications made by persons desiring to lease apartments… [by providing access to] the databases of the national credit bureaus… third party databases and from RealPage's own databases. Such information may include, without limitation, credit history, resident history, criminal history and eviction history."[18] RealPage grants access and the use of their service "solely and exclusively for the purpose of determining the creditworthiness, criminal record and eviction history of individuals from whom Client(s) has accepted a signed rental application agreement relating to residency at the site."[19] The contract with Greystar Management Services, LP (Helios Apartments) states that RealPage similarly agrees to provide a collection of software solutions, via the internet, to commercial property management companies for their use in rental housing decisions.[20]

---

[16] Exhibits A-3 & A-4
[17] [See rental applications] See Section 2 below.
[18] Exhibit A-3, pg. 1, ¶ 1
[19] Exhibit A-3, pg. 2, § 5
[20] Exhibit A-4, pg. 1, ¶ 1

### 2. RealPage's statement is protected by qualified privilege because it is a fair report of the proceedings of a court

RealPage's statements further meet the criteria for qualified privilege under the exception for fair reports of the proceedings of courts and legislative bodies. RealPage truthfully reported there was a conviction by a court in Montgomery County, North Carolina, Case No. 700487,[21] meeting the criteria for a category of qualified privilege – fairly reporting the proceeding of a court.

The request for reports are not made in a vacuum. First, prospective tenants of Legend Oaks and Helios Apartments are advised that a background check will be performed and that this check will include a criminal background check. *See* Tex. Prop. Code §92.3515. A criminal background check is a permissible eligibility factor for any rental community, Tex. Prop. Code §92.3515, and is part of any potential landlord's duties to its tenants. *Timberwalk Apts. V. Cain*, 972 S.W.2d 749, 756-757 (Tex. 1998) (Although a person generally has no legal duty to protect another from the criminal acts of a third person, an exception exists for one who controls a premises. That party has a duty to use ordinary care to protect invitees from criminal acts of third parties "if he knows or has reason to know of an unreasonable and foreseeable risk of harm.")

### 3. RealPage is not liable as a matter of law to Plaintiff because the questioned statement was made without actual malice

The effect of a qualified privilege is to justify the communication when it is made without actual malice. *See Dun & Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896, 899 (Tex. 1970). Qualified privilege does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege, and makes a showing of falsity and ***actual malice*** essential to the right of recovery. *Mayfield,* 484 S.W.2d at 625 (emphasis added).

---

[21] Exhibits A, A-5 & B

To establish actual malice in the defamation context, a plaintiff must prove that the defendant made the statement "with knowledge that it was false or with reckless disregard of whether it was true or not." *Huckabee v. Time Warner Entertainment Co., L.P.*, 19 S.W.3d 413, 420 (Tex. 2000); *New York Times*, 376 U.S. at 279-80. To establish reckless disregard, a plaintiff must prove that the publisher "entertained serious doubts as to the truth of his publication." *Huckabee*, 19 S.W.3d at 420; *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

For purposes of summary judgment in the context of qualified privilege, the burden of proof is on the defendant to show the communication at issue was made without malice. *Mayfield,* 484 S.W.2d at 625. A defendant can negate actual malice as a matter of law by presenting evidence that he or she did not publish the statement with knowledge of its falsity or reckless disregard for its truth. *Huckabee*, 19 S.W.3d at 420; *McLemore*, 978 S.W.2d at 574; *Casso v. Brand*, 776 S.W.2d 551, 559 (Tex. 1989). The Court in *Mayfield* explained the kind of malice required:

> The malice which avoids the privilege is actual or express malice, existing as a fact at the time of the communication, and which inspired or colored it. Such malice exists where one casts an imputation which he does not believe to be true, or where the communication is actuated by some sinister or corrupt motive or motives of personal spite or ill will or where the communication is made with such gross indifference to the rights of others as will amount to a willful or wanton act." *Mayfield,* 484 S.W.2d at 626 (citing *International & G.N.R. Co. v. Edmundson,* 222 S.W. 181 (Tex. Comm. App., 1920).

Once the defendant produces evidence negating actual malice as a matter of law, the burden shifts to the plaintiff to present controverting proof raising a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(c); *Phan Son Van v Pena*, 990 S.W.2d 751, 754 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Evidence that a report is mistaken, even negligently so, is not evidence of actual malice. *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 120 (Tex. 2000). Further, a mistake or error in

judgment is not enough to prove actual malice. *Gonzales v. Hearst Corp.*, 930 S.W.2d 275, 277 (Tex. App.-Houston [14th Dist.] 1996, no writ). The failure to investigate has been held insufficient to establish actual malice. *Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 756 (Tex. 1984) (reckless conduct not measured by whether reasonably prudent person would have investigated before publishing; the plaintiff must show defendant entertained serious doubts as to truth of publication, citing *St. Amant*, 390 U.S. at 731, 733); *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403, 405-06 (Tex. 1969) (proof of utter failure to investigate amounted to no evidence of actual malice).

At the outset, the statement at issue is true and RealPage had no reason to doubt the public report or to question its truthfulness. The statement correctly reports the information provided by the Court to RealPage, namely that Plaintiff was convicted of an unknown offense in Montgomery County, North Carolina, Case No. 700487, and that the specific offense was "NOT PROVIDED."[22] It is true that Plaintiff was convicted of a traffic offense in Montgomery County, North Carolina.[23] The background screening reported the information exactly as it was found in public records, and RealPage had no reason to question its truthfulness.[24] Upon notice of the dispute, RealPage acted immediately and researched the conviction at issue.[25] RealPage confirmed the truth and accuracy of the statement.[26] Although it determined that the report was true, RealPage further determined the traffic offense was not the type of conviction the apartments

---

[22] Exhibits A-1 & A-2
[23] Exhibits A & A-5
[24] Exhibit A, ¶ 6.
[25] Exhibits A & A-5
[26] Exhibits A & A-5

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

were interested in, removed the record from the consumer's file, emailed the apartments to clear up the situation and provided an adequate correction.[27]

The report itself is generated by a software program. RealPage's software cannot single out a person to produce a report with ill will, knowing falsity or reckless disregard as to the report's truth. As such, it is impossible, as a matter of law, for a software program (or thereby, RealPage) to have "actual malice" or a "sinister" or "corrupt" motive, or "personal spite" or "ill will." RealPage had no "motive" of any kind, other than to generate a report based on truthful public records. There is no evidence anyone at RealPage ever knew Mr. Harter, such that anyone at RealPage could harbor such required "ill will."

Accordingly, RealPage is entitled to summary judgment on all Plaintiff's defamation causes of action as a matter of law because the statement is protected by a qualified privilege and the undisputed facts prove the absence of malice as a matter of law, negating an essential element of Plaintiff's burden of proof.

C. **RealPage Is Entitled To Summary Judgment As A Matter Of Law On All Of Plaintiff's Common Law Claims Because The Statement Is Protected By Absolute Privilege**

Plaintiff cannot recover for a publication to which he consented. *Smith v. Holley*, 827 S.W.2d 433, 438 (Tex.App. – San Antonio 1992, writ denied). Consent creates an *absolute* privilege and bars an action for defamation. *Id.*, 827 S.W.2d at 438.

Plaintiff expressly consented to both reports' disclosure through his applications to the apartments.[28] The online Lease Application Agreement for Helios Apartments specifically

---

[27] Exhibits A, A-5, A-6, A-7 & A-8
[28] Exhibits C & D

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**
(565.0581P.Fed. Ct. MSJ) Page 11
28279648

indicates their investigation includes criminal background screening.[29] Plaintiff was required to and did in fact click the "I agree" button at the end of the application to "agree and accept to be bound by the above lease and rental application terms and conditions."[30] Further, Plaintiff consented to allow Legend Oaks Apartments to "obtain reports from any consumer or criminal record reporting agency … to verify… the information in this application, including criminal background information…"[31] Plaintiff electronically signed the Legend Oaks Apartment application, thereby expressly consenting to a background check, including "convictions".[32] As Plaintiff consented to the background screening, that consent is an absolute bar to this defamation action, and summary judgment should be granted in favor of RealPage.

      **D.**      **RealPage Is Entitled To Summary Judgment As A Matter Of Law On All Of Plaintiff's Common Law Claims Because It Did Not Make Any Statement Regarding Plaintiff's Health**

Plaintiff contends RealPage's report "imputed a loathsome disease to plaintiff".[33] There is nothing in the RealPage reports that identify any medical information about Plaintiff, much less a "loathsome disease".[34] RealPage assumes this allegation was set forth in the Petition in error; nevertheless, it is entitled to summary judgment on Plaintiff's cause of action for this allegation.

      **E.**      **RealPage Is Entitled To Summary Judgment As A Matter Of Law On Plaintiff's Fair Credit Reporting Act ("FCRA") Claim Because RealPage Accurately Reported The Record And There Is No Evidence Of A Willful Violation**

Plaintiff's FCRA claim fails as a matter of law because the record reported was accurate and Plaintiff cannot show that RealPage willfully violated the FCRA.

---

[29] Exhibit D, pg. 3, ¶ 2 titled "Criminal History."
[30] Exhibit D, pg. 6
[31] Exhibit C, pg. 1, right bottom corner
[32] Exhibit C, pg. 1, right bottom corner
[33] See Plaintiff's First Amended Original Petition, p. 3, ¶14(b).
[34] Exhibits A-1 & A-2

### 1. RealPage accurately reported the record

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a prima facie violation of § 1681e(b), a plaintiff must establish that (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to a reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) that plaintiff suffered injury; and (4) that the injury was caused by the inclusion of the inaccurate entry. *Waggoner v. Trans Union, LLC*, Case No. 02-CV-1494-G, 2003 U.S. Dist. LEXIS 21911, at *15-16 (N.D. Tex. July 17, 2003); *Thomas v. NCO Fin. Sys.*, Case No. 04-cv-2347, 2012 U.S. Dist. LEXIS 36906, at *4 (W.D. La. Mar. 19, 2012) (plaintiff must present evidence that a credit reporting agency's report was inaccurate and that the inaccurate report caused the consumer's alleged harm); *Watkins v. Experian Info., Sols., Inc.*, Case No. 13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *15 (W.D. Tex. Sep. 8, 2014) (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n. 3 (5th Cir. 2000)).

Plaintiff cannot establish as a matter of law that RealPage prepared inaccurate reports. Plaintiff claims that the reports were inaccurate in that they stated that he "had an outstanding criminal record" and that he had been "convicted on misdemeanor or felony charges." Such statements are not supported by the report at issue here. It is undisputed that RealPage accurately reported that Plaintiff was convicted of an unknown offense in Montgomery County, North Carolina, Case No. 700487, and that the specific offense was "NOT PROVIDED."[35] RealPage

---

[35] Exhibits A-1 & A-2.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

accurately reported the information exactly as it was made available from the government agency that maintained the record.[36] Plaintiff has not disputed that this record, as stated, belonged to him and he cannot demonstrate that the report prepared by RealPage included any information not provided by the public record source.

To the extent Plaintiff argues that the record RealPage reported was "incomplete" by not including a specific offense, his claims also fail. Under the FCRA, completeness is a concept distinct from accuracy and applies only in the context of employment screening. *See Jones v. Sterling Infosystems, Inc.*, Case No. 14-cv-3076, Docket No. 67 at 3-9 (S.D.N.Y. March 30, 2016) (comparing 15 U.S.C. § 1681e(b) with § 1681k); *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 692 (N.D. Ga. 2012). Here, the screening at issue was related to a housing application. Thus, the "completeness" requirement of section 1681k does not apply.

Moreover, even if the report was somehow inaccurate, the FCRA "does not impose strict liability" for an inaccurate credit report, but rather, only imposes "a duty of reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchants Assn.*, 682 F.2d 509, 513 (5th Cir. 1982). In gathering information to create the report at issue, RealPage was not required to pull the physical criminal records in the context of a housing application or "to go beyond the face of numerous court records to determine whether they correctly report the outcome of the underlying action." *See Sarver v. Experian Info. Solutions*, 390 F.3d 969, 972-73 (7th Cir. 2004) (the FCRA "does not hold a reporting agency responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency

---

[36] Exhibits A, A-1, A-2 & A-5

receives notice of systemic problems with its procedures").[37] The undisputed facts establish that RealPage accurately reported the information as provided by the public record source.[38]

Thus, as a matter of law, Plaintiff has not and cannot provide evidence of inaccuracy or establish a violation of section 1681e(b). *See Washington*, 199 F.3d at 267 n.3. The Court should grant RealPage's motion for summary judgment on the FCRA claim for this reason alone.

### 2. Summary Judgment must also be granted as to any claim for a "willful" violation of the FCRA.

Plaintiff has failed to show any inaccuracy and, therefore, necessarily cannot show a willful violation. *Id.*; *Watkins*, 2014 U.S. Dist. LEXIS 150321, at *15. Even if Plaintiff could show inaccuracy, which he cannot, to prove a willful violation of the FCRA Plaintiff must prove that a defendant knowingly published the false statements or acted in reckless disregard of whether they were false. *Id.*; *Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786, 802 (N.D. Tx. 2013) (citing *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006)). As explained by the United States Supreme Court, to demonstrate willful noncompliance, a plaintiff must demonstrate, at a minimum, recklessness with proof of "conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007).

Plaintiff cannot identify any authoritative FTC or Fifth Circuit guidance that RealPage's actions were reckless and there is no evidence that RealPage's actions were reckless. *See Safeco*,

---

[37] Plaintiff may point to the facts surrounding the dispute he submitted to assert that an issue of fact exists. To the contrary, RealPage's response to Plaintiff's dispute affirms that the updating of the data field at issue in this case after his dispute goes to completeness and not accuracy. While 15 U.S.C. § 1681e(b) requires maximum possible accuracy, the FCRA provision relative to disputes, 15 U.S.C. § 1681i(a)(1)(A), requires an investigation into any claim that the record is not accurate or complete. Thus, while RealPage had an obligation to determine the nature of the charge once Plaintiff submitted a dispute, i.e., completeness, it had no such obligation at the time it provided a report which accurately included all the information made available by the public record source.
[38] Exhibits A-1 & A-2.

551 U.S. at 70 (finding a lack of any willful violation because this was "not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission that might have warned it away from the view it took"). Aside from the conclusory allegations in his Complaint that RealPage violated 15 U.S.C. 1681e(b) by providing information "without taking any steps to verify the truth of the information upon which it relied" and by failing "to implement any processes or procedures to assure the accuracy of the information it was providing,"[39] Plaintiff has no evidence that RealPage willfully violated the FCRA in preparing its reports. RealPage (1) matched the information provided by Plaintiff against the information made available by the government agency, (2) returned a record that Plaintiff does not dispute belonged to him, and (3) accurately reported the information exactly as it was provided by the government agency. In addition, the report at issue included a disclaimer that directed the end-users to review the information in the report before concluding that it related to the applicant.[40] These disclaimers affirm that RealPage used reasonable procedures to assure that the end-users understood the nature of the report and its inherent limitations and negate any evidence of willfulness. *See Taylor v. CoreLogic SafeRent,* LLC, Case No. 13-cv-3435, 2014 U.S. Dist. LEXIS 184413, at * 27 (N.D. Ga. Oct. 23, 2014) (dismissing a claim for a "willful" violation on summary judgment finding that "Th[e] disclaimer refutes any claim that Defendant misrepresented the nature of the [consumer] report to Plaintiff or to a third party or misrepresented the accuracy of the information in the report").[41] Accordingly, Plaintiff cannot point to any evidence of willfulness and his claim for a willful FCRA violation fails as a matter of law. *See, e.g.*, *Robinson*

---

[39] *See* Plaintiff's First Amended Original Petition, p. 4, ¶20-21.
[40] *See* Exhibits A-1 & A-2.
[41] Exhibit A-8, Exhibit A-9.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**
(565.0581P.Fed. Ct. MSJ) Page 16
28279648

*v. Equifax Info. Servs., LLC*, 560 F.3d 235, 241 (4th Cir. 2009) ("[E]vidence that Equifax acted willfully is wholly lacking."); *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (granting summary judgment on willfulness claim where the plaintiff "has produced no evidence that Experian acted willfully.").

Accordingly, the Court should grant summary judgment in favor of RealPage on Plaintiff's 15 U.S.C. § 1681e(b) claim because Plaintiff cannot demonstrate that RealPage prepared a consumer report that contained any inaccurate information and because Plaintiff cannot prove that RealPage willfully violated the FCRA.

## CONCLUSION AND PRAYER

RealPage's summary judgment evidence conclusively establishes the absence of any genuine issue of material fact as to each of Plaintiff's causes of action, and it is, therefore, entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant REALPAGE, INC. prays that all relief requested by Plaintiff be denied, that final judgment be entered, that Plaintiff take nothing against Defendant REALPAGE, INC., and that Defendant recover its court costs, and such other and further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully Submitted,

**Vaughan & Ramsey**

  */s/ Daena G. Ramsey*
Daena G. Ramsey
State Bar No. 08093970
dramsey@vrlaw.net
John K. Vaughan
State Bar No. 20508200
jvaughan@vrlaw.net
530 S. Carrier Parkway, Suite 300
Grand Prairie, TX 75051

(972) 262-0800
(972) 642-0073 – *facsimile*
and
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002
(713) 230-8800

Ronald I. Raether, Jr.
Troutman Sanders LLP
California Bar No. 303118
Ronald.raether@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
949-622-2722
949-622-2739 - Fax

**ATTORNEYS FOR DEFENDANT REALPAGE, INC.**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon the counsel listed below via e-filing and first class mail on June 17, 2016.

Kenneth S. Harter
1620 E. Beltline Road
Carrollton, TX 75006


 */s/ Daena G. Ramsey*
Daena G. Ramsey