# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ETHAN BROOKS HARTER §
     Plaintiff, §
 §
v. §    CIVIL ACTION NO. 4:16-CV-100
 §    JUDGE MAZZANT
REALPAGE, INC., §
     Defendant. §
 §

## AGREED PROTECTIVE ORDER

The Court has reviewed the Parties' Agreed Motion for Entry of Protective Order and finds that it should be granted.

In support of this order, the court finds that:

1.    Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.    The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.    Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.     Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.     Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3.     At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents.  If the dispute over the designation cannot be resolved on an informal basis, the party objecting to the designation may invoke this Protective Order by objecting in writing to the party who has designated the document as a "Protected Document."  The designating party shall be required to move the Court for an order preserving the document as a Protected Document within fourteen (14) days of receipt of written objection made after the written notice given upon failure of the parties

to informally and in good faith resolve the dispute, and failure to move for protection shall constitute a termination or waiver of the Protected Document status of such document.

4.    **Confidential Treatment.**  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a)    Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, including any court reporter, transcriber or videographer employed in this suit;

(b)    Actual or potential independent experts who have been designated in writing by notice to all counsel prior to any disclosure or Protected Documents;

(c)    One party representative who shall be designated in writing by the party prior to any disclosure of Protected Documents to such person and who shall sign a document so stating (such signed document to be delivered to the producing party by the party designating such person).

(d)    The Court, the jury and any other person who may be designated by order of the Court, after notice and hearing to all parties.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.    Counsel of record for the party or parties receiving Protected Documents shall create an index of the Protected Documents and furnish it to attorneys of record representing or

having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall also maintain a current log of the names and addresses of persons to whom Protected Documents were furnished including a list of the specific Protected Documents furnished to each person. Such log shall not be disclosed to other parties. If a party has evidence that a disclosure of Confidential Information has been made to a person who is not a Qualified Person pursuant to this Order, then that party may request the Court to conduct an in camera inspection of the log to determine if an unauthorized disclosure has been made.

7.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.    To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.    Any court reporter, transcriber or videographer who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms

of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.     Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11.     The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.     Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents within 120 days of such termination or the exhaustion of all Appeals. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. Nothing in the provisions of this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Subpoenas and orders from another court compelling disclosure of "Confidential Information" or items designated in this action shall be handled as follows:

(a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any "Confidential Information" or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

SIGNED _____, 2016

_____
JUDGE PRESIDING

**APPROVED:**

/s/ Kenneth S.   Harter
Kenneth Harter
SBN 09155300
Kenharter@tx.rr.com
LAW OFFICES OF KENNETH S.
HARTER 1620 E. Belt Line Road
Carrollton, TX 75006
972-242-8887
972-446-7976 - Fax
ATTORNEYS FOR PLAINTIFF
ETHAN BROOKS HARTER


/s/ Daena G. Ramsey
Daena G. Ramsey
SBN 08093970
dramsey@vrlaw.net
John K. Vaughan
SBN 20508200
jvaughan@vrlaw.net
VAUGHAN & RAMSEY
530 S. Carrier Parkway, Suite 300
Grand Prairie, TX  75051
(972) 262-0800
(972) 642-0073 - Fax
ATTORNEYS FOR DEFENDANT
REALPAGE, INC.