IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ETHAN BROOKS HARTER, § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| § | | CIVIL ACTION NO. 4:16-cv-00100 |
| v. § | | |
| § | | |
| REALPAGE, INC. § | | |
| *Defendant.* § | | |

**DEFENDANT REALPAGE INC.'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

REALPAGE, INC., ("RealPage") Defendant in the above-entitled and numbered cause, files this Reply Brief in Support of its Motion for Summary Judgment.

The undisputed facts in this case demonstrate that RealPage is entitled to judgment as a matter of law. With respect to Plaintiff's defamation claims, the statements at issue were truthful, the truthful communications were privileged, and the communications were made in good faith and without actual malice. With respect to Plaintiff's Fair Credit Reporting Act ("FCRA") claims, RealPage accurately reported a record that belonged to Plaintiff exactly as it was provided by the public source. The law is clear that accuracy is a complete defense to Plaintiff's FCRA claim.

**ARGUMENT**

**I.   Rule 56 Requirements for Admissible Evidence: Objections to Speculative and Hearsay Statements**

To the extent Plaintiff attempts to counter RealPage's evidence with his own, his statements must be supported by admissible evidence. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 192 (5th Cir. 1990) ("In order to defeat summary judgment, it is necessary to support

allegations with admissible evidence"); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 835 (S.D. Tex. 2013); Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge" and "shall set forth facts as would be admissible in evidence").

In his Declaration and throughout the Response, Plaintiff improperly relies on "facts" that are not material or not relevant to the legal issues present in RealPage's motion for summary judgment. In addition, Plaintiff's "evidence" regarding the statements or thoughts of persons employed by the apartment complexes is not admissible because Plaintiff lacks personal knowledge of the information, it is inadmissible hearsay, and it constitutes speculation. Fed. R. Evid. 602, 801-802. Specifically, this improper evidence includes: (1) statements made by persons employed by either property; (2) speculation as to what information the property was seeking about applicants from RealPage (e.g., that the results related to a specific application question); (3) speculation as to the property's interpretation of the RealPage reports; and (4) speculation about how or why either property made decisions regarding Plaintiff's applications. RealPage objects to this improper "evidence."

## II. The Court Should Grant Judgment on Plaintiff's Defamation Claims

### a. The Truth of the Reports Remains Undisputed

Plaintiff offers no evidence that any statement made by RealPage was actually false. Indeed, the only proper summary judgment evidence before this Court confirms the truth of the reports provided to Legend Oaks and Helios. It is undisputed that there was public criminal offense information provided by Montgomery County, North Carolina that was associated with Plaintiff, and it is undisputed that it is true that the details of the offense were "NOT PROVIDED." Plaintiff admits to having committed the offenses identified and does not challenge any aspect of the public

record about those offenses.[1] Plaintiff's attempt to mischaracterize the testimony from Debra Stockton is misguided. Ms. Stockton does not testify that the information provided was "wrong."[2] The reports did not in any way state that Plaintiff had been arrested for, charged with or convicted of a crime of sex, drugs or violence as Plaintiff repeatedly states. In fact, the reports contained the disclaimers that "[s]ome traffic records are included" and that "[c]riminal information may contain traffic violations."[3]

Plaintiff's blanket statement throughout his Response that the "report of a criminal background was wrong" is not based on evidence, but on his insupportable statements as to the thoughts and decisions of the apartment complexes. Plaintiff admits that the records belonged to him[4] and that RealPage never reported that Plaintiff had been arrested for, charged with or convicted of a crime of sex, drugs or violence.[5] To try and divert attention away from these undisputed facts, he focuses instead on one question he answered in one leasing application: whether he had been charged with, arrested for or convicted of a crime involving sex, drugs or violence," to which he answered no. This question in the application has nothing to do with the material facts. He was not reported to have been charged with, arrested for or convicted of a crime involving sex, drugs or violence" and there is no evidence before this Court that either apartment

---

[1] To prove an action for defamation, the published statement must be false. Tex.Civ.Prac. & Rem. Code § 73.005(a) ("The truth of the statement in the publication on which an action for libel is based is a defense to the action."). *See also*, *Musser v. Smith Prot. Servs.*, 723 S.W.2d 653, 655 (Tex. 1987) (in order for the statement to be actionable, it must be false). "Truth is a defense to all defamation actions." *Neely v. Wilson*, 418 S.W.3d 52, 56 (Tex. 2013). Statements that are not verifiable as false cannot form the basis of a defamation claim. *Id.* at 56.

[2] There is no doubt that the reports are true. That RealPage deleted the information from the Plaintiff's reports after receiving additional information about the nature of the offenses from the court does not make them untruthful. The records were deleted only because they were offenses that the apartment complexes simply decided not to consider in evaluating a lease application.

[3] Exhibit A-8 and Exhibit A-9 to RealPage's Motion for Summary Judgment.

[4] Plaintiff's Declaration at p. 3 ("I have received a few citations for traffic offenses as are detailed in the Defendant's Motion").

[5] See footnote 8 to Plaintiff's Response at page 12.

complex interpreted the report provided in this way. Plaintiff submits no evidence that anyone interpreted this truthful reported information into a conclusion that he was a criminal and/or that he had committed a "heinous" crime. That the apartment complexes did not interpret him to be a vicious criminal is clear by the mere fact that one did lease an apartment to him. Plaintiff's interpretation of the report and speculation as to its impact is irrelevant, speculative and not "evidence." Plaintiff admits that he is merely making a "reasonable deduction" from the evidence as to how some unidentified person may or may not have interpreted the reports. As discussed above, Counsel's speculation about what an unknown person might be thinking is inadmissible evidence and cannot create a genuine dispute as to the accuracy of the reports. Fed. R. Civ. P. 56(e); Fed. R. Evid. 602. The truth of the information reported alone justifies judgment as to the defamation claims.

### b. Plaintiff Consented to the Criminal Background Check and to Disclosure of Truthful Public Information[6]

Plaintiff readily admits that he consented to having his criminal history screened and reported.[7] Nonetheless, Plaintiff argues that Plaintiff did not give consent to the subject reports because he did not know what information would be provided is unavailing under the facts of this case. To dispute "effective consent," Plaintiff argues that: "effective consent to a defendant's statements requires that the plaintiff know what the defendant will say when he talks to third parties." However, each and every case cited by Plaintiff concerned the reporting of <u>false</u> statements. This principle does not apply when the reported statements in question are true.

---

[6] Plaintiff cannot recover for a publication to which he consented. *Smith v. Holley*, 827 S.W.2d 433, 438 (Tex.App. – San Antonio 1992, writ denied). Consent creates an *absolute* privilege and bars an action for defamation. *Id.*, 827 S.W.2d at 438.

[7] See Plaintiff's Declaration and <u>Exhibit C-1</u>, <u>Exhibit D-1</u> to RealPage's Motion for Summary Judgment.

RealPage did not "defame" Plaintiff as a matter of law because there is no defamation for the publication of truthful information and Plaintiff did consent to the background check and to disclosure of the known information that was found in a public record. For this reason alone, judgment can be granted on the defamation claims as a matter of law.

### c. Plaintiff Fails to Provide any Evidence of Actual Malice

The Court also may grant judgment for the separate and independent reason that a qualified privilege applies. Plaintiff's only challenge to RealPage's claim of a qualified privilege focuses on the whether there is an issue of fact as to whether RealPage acted with malice.[8] The parties agree that to establish malice in the defamation context, a plaintiff must prove that the defendant made the statement "with knowledge that it was false or with reckless disregard of whether it was true or not." *Huckabee v. Time Warner Entertainment Co., L.P.*, 19 S.W.3d 413, 420 (Tex. 2000); *New York Times*, 376 U.S. at 279-80. Plaintiff fails to present any admissible facts of "reckless disregard," that RealPage "entertained serious doubts as to the truth of his publication." *Huckabee*, 19 S.W.3d at 420; *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Reckless is conduct not measured by whether a reasonably prudent person would have investigated before publishing; Plaintiff must show that RealPage itself entertained serious doubts as to truth of publication. *Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 756 (Tex. 1984) (citing *St. Amant v. Thompson*, 390 U.S. 727, 731 and 733 (1968)).

Plaintiff focuses on unsupported speculative conclusions as to the "vetting" of the reports while ignoring the simple fact that the reports were true. Plaintiff cites no legal authority to substantiate that his subsequent complaints about RealPage's reporting of the truthful offense

---

[8] Plaintiff does not challenge RealPage's evidence that it had a privilege to communicate the information to the apartment complexes or that it was a fair report of a criminal court proceeding.

would in any circumstance amount to malice sufficient to raise an issue of fact. Plaintiff does not contradict that the failure to investigate has been held insufficient to establish actual malice. *Doubleday & Co., Inc.*, 674 S.W.2d at 756 (reckless conduct not measured by whether reasonably prudent person would have investigated before publishing; the plaintiff must show defendant entertained serious doubts as to truth of publication, citing *St. Amant*, 390 U.S. at 731, 733); *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403, 405-06 (Tex. 1969) (proof of utter failure to investigate amounted to no evidence of actual malice).

The undisputed summary judgment evidence establishes that the report itself is generated by a software program. RealPage's software cannot single out a person to produce a report with ill will, knowing falsity or reckless disregard as to the report's truth. As such, it is impossible, as a matter of law, for a software program (or thereby, RealPage) to have "actual malice" or a "sinister" or "corrupt" motive, or "personal spite" or "ill will." RealPage had no "motive" of any kind, other than to generate a report based on truthful public records. There is no evidence anyone at RealPage ever knew Mr. Harter, such that anyone at RealPage could harbor such required "ill will."

### III.  Plaintiff Submits No Evidence that RealPage Violated the FCRA

#### a. The Undisputed Facts Show that RealPage Accurately Reported the Information

As discussed at length in RealPage's opening brief, Plaintiff cannot establish a violation of 15 U.S.C. § 1681e(b) because he does not present any evidence that RealPage's reports contained inaccurate information. The undisputed evidence is that RealPage accurately reported a public record that Plaintiff was convicted in Montgomery County, North Carolina, Case No. 700487, and that the specific offense was "NOT PROVIDED. RealPage did not report that Plaintiff was arrested for, charged with, or convicted of a crime of sex, drugs or violence.

Plaintiff's repeated reliance on his speculation that the reports somehow responded to or contradicted his "no" answer to the question of whether he had been arrested for, charged with or convicted of a crime of sex, drugs or violence has no evidentiary support or admissible basis. There is no evidence before this Court that either of the apartment complexes only requested records from RealPage regarding crimes of sex, drugs or violence. There is no evidence before this Court that either of the apartment complexes interpreted the accurately reported data as accusing Plaintiff of being arrested for, charged with or convicted of a crime of sex, drugs or violence.[9] The absence of any support for his pure speculation is confirmed by footnote No. 8 in his Response, where he contradicts his own statement and admits that his characterization is not actually based in fact, but is only a "deduction" of what unknown third parties might have thought. In sum, the Court need look no further than face of the report to conclude it was accurate as a matter of law.

Plaintiff also misapprehends the law in claiming that accuracy is not a defense and that the "authorities state otherwise."[10] Plaintiff makes this argument despite saying in the next sentence that one element of his purported cause of action is "inaccurate information."[11] Ignoring the authority cited by RealPage in its motion for summary judgment, Plaintiff goes on to cite several inapposite cases that all involved the reporting of inaccurate information. *See Dalton v. Capital Associated Indus.*, 257 F.3d 409, 416 (4th Cir. 2001) (the report could be considered "inaccurate" as it stated the record as "Felony – third degree assault" where the plaintiff had actually plead

---

[9] Opp'n at 12 ("Defendant was asked whether the information provided by Plaintiff, that he had not been arrested for, charged with or convicted of a crime involving sex, drugs or violence was accurate. Defendant replied that the public records showed that the representations of Plaintiff was wrong.").
[10] Opp'n at 11-12.
[11] Opp'n at 12.

guilty to a misdemeanor); *Poore v. Sterling Testing Sys.*, 410 F. Supp. 2d 557, 561, 570 (E.D. Ky. 2006) (court held that the report clearly "contained inaccurate information" as the criminal conviction at issue did not belong to plaintiff); *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 795 (N.D. Tex. 2013) (court held that allegations sufficiently stated that defendant "maintained and reported inaccurate information about plaintiff"). However, Plaintiff misconstrues RealPage's argument regarding the accuracy of the information.[12] RealPage is not arguing that it was permitted to rely on inaccurate information reported by the courts. To the contrary, the information reported by RealPage was accurate. Thus, as a matter of law, judgment should be granted as to Plaintiff's FCRA claims.

### b. Plaintiff Confuses the Requirements for Tenant Screening with those for Employment Screening and Cites to Irrelevant Sections of the FCRA

Plaintiff cites to sections of the FCRA which have no application to the tenant screening reports at issue here. Plaintiff cannot rely on the standard for employment screening, where in the present case, only tenant screening is at issue. The FCRA provides additional requirements for consumer reporting agencies that prepare reports for "employment purposes." Under 15 U.S.C. § 1681k, which expressly governs reports furnished for "employment purposes," a consumer reporting agency must "maintain <u>strict procedures</u> designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported <u>it is complete and up to date</u>." Plaintiff does not allege that the reports prepared by RealPage at issue in this case were prepared for "employment purposes." The undisputed facts show that the reports at issue were prepared as part of two residential housing applications. Thus,

---

[12] Opp'n at 12 ("Defendant urges that it cannot be liable under the FCRA because it merely reported information that it was provided by its provider").

Plaintiff's arguments regarding "completeness" and his citation to cases involving heightened "strict procedures" to ensure accuracy (*Dalton* and *Poore*) are not relevant, applicable or persuasive.  As discussed in RealPage's opening brief, the requirement that a record be "complete" is only relevant to employment screening reports.[13]

Similarly, Plaintiff also cannot rely on requirements imposed for "investigative consumer reports" when the RealPage screening reports do not fall within that statutory definition.  Under 15 U.S.C. § 1681d(3), for cases involving "investigative consumer reports," certain consumer reporting agencies in very limited circumstances are required to take additional steps to verify the accuracy of certain information.  "Investigative consumer reports" are defined as: "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living <u>is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information</u>."  15 U.S.C. § 1681a(e). Plaintiff does not allege that the reports provided by RealPage in this case meet the definition of "investigative consumer reports" and the undisputed facts show that they do not.  Accordingly, this section of the FCRA simply does not apply to tenant screening reports run by RealPage and the Court should ignore any instances where Plaintiff discusses or relies on this section and any cases decided under it.

The correct legal standard, which applies to the preparation of all consumer reports, is 15 U.S.C. § 1681e(b): "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning

---

[13] *See* RealPage's Motion for Summary Judgment at p. 14.

the individual about whom the report relates." As discussed above, under this applicable standard, RealPage accurately conveyed that the jurisdiction had "NOT PROVIDED" the specific offense.

### c. Plaintiff Does Not Address RealPage's Willfulness Argument

RealPage met its burden of showing the Court that no evidence in the record supports an alleged "willful" violation of the FCRA.[14] Plaintiff cannot now rest upon the mere allegations or denials in his pleadings, but must set forth specific facts showing that a genuine issue for trial on willfulness exists. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322-23. However, Plaintiff does not even address RealPage's willfulness argument in his Response. Therefore, he has not met his burden of establishing that a genuine issue of fact exists and the Court should find as a matter of law that RealPage did not willfully violate the FCRA.

WHEREFORE, PREMISES CONSIDERED, Defendant REALPAGE, INC. prays that all relief requested by Plaintiff be denied, that final judgment be entered, that Plaintiff take nothing against Defendant REALPAGE, INC., and that Defendant recover its court costs, and such other and further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully Submitted,

**Vaughan & Ramsey**

 */s/ Daena G. Ramsey*
Daena G. Ramsey
State Bar No. 08093970
dramsey@vrlaw.net
2000 E. Lamar Blvd., Suite 430
Arlington, TX 76006
(972) 262-0800
(972) 642-0073 – *facsimile*
and

---

[14] *See* RealPage's Motion for Summary Judgment at 15-17.

Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002
(713) 230-8800

Ronald I. Raether, Jr.
Troutman Sanders LLP
California Bar No. 303118
**Ronald.raether@troutmansanders.com**
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
949-622-2722
949-622-2739 - Fax

**ATTORNEYS FOR DEFENDANT
REALPAGE, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon the counsel listed below via e-service and e-mail on August 1, 2016.

Kenneth S. Harter
1620 E. Beltline Road
Carrollton, TX 75006
**Kenharter@tx.rr.com**

                                        */s/ Daena G. Ramsey*
                                        Daena G. Ramsey